888 So.2d 272 (2004)
STATE of Louisiana
v.
Percy M. TAYLOR.
No. 04-KA-200.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 2004.
*274 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Thomas S. Block, Assistant District Attorneys, Twenty-Fourth Judicial District Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
*275 Holli A. Herrle-Castillo, Louisiana Appellate Project Post Office Box, Marrero, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.

STATEMENT OF THE CASE
On March 13, 2002, the defendant, Percy Taylor, was charged by Bill of Information with distribution of counterfeit cocaine in violation of LSA-R.S. 40:971.1. He pled not guilty and filed numerous pre-trial motions, including a Motion in Limine, which was denied after a hearing.[1] On September 24, 2003, the defendant was found guilty as charged by a six-person jury, and was subsequently sentenced to three years at hard labor.
The State filed a multiple offender Bill of Information alleging that the defendant was a fourth felony offender based on a 1985 conviction for simple robbery, a 1989 conviction for possession of heroin, and a 1995 conviction for distribution of cocaine. The defendant denied the allegations and filed a written objection to the multiple bill. A multiple bill hearing was set, but has yet to be heard. Therefore, the defendant's habitual offender hearing is not before this Court in the present appeal.

FACTS
On July 16, 2001, at approximately 2:00 p.m., Agent Robin Jones was working undercover in the area of the Acre Road Housing Project in Marrero attempting to purchase narcotics from "anyone that was willing to sell it." Agent Jones stopped at a store on Acre Road and met a man later identified as the defendant. Agent Jones asked the defendant for "two 20s," street slang for two rocks of crack cocaine. The defendant stated he wanted the money up front and requested a ride from Agent Jones. Agent Jones refused both requests. The defendant then instructed Agent Jones to meet him at a different location approximately two blocks away. When Agent Jones met the defendant at the location, the defendant directed her to Betty Street. Once on Betty Street, Agent Jones handed the defendant the money and the defendant gave her two off-white rock-like objects. A field test performed on the objects immediately after the transaction was negative for cocaine.
The entire transaction was captured on videotape. The videotape was reviewed by Sergeant Joe Williams who recognized the defendant as the perpetrator of the offense. A photographic lineup was prepared and shown to Agent Jones who positively identified the defendant as the person who sold her the alleged cocaine.

DISCUSSION
In his sole Assignment of Error, the defendant argues that the trial court erred in denying his Motion in Limine to exclude the defendant's prior criminal history.
A trial court's ruling on the admissibility of evidence of other crimes will not be disturbed absent an abuse of discretion. State v. Dickerson, 00-951, p. 7 (La.App. 5 Cir. 10/31/00), 772 So.2d 845, 851, writ denied, State ex rel. Dickerson v. State, 00-3515 (La.8/31/01), 795 So.2d 1209. LSA-C.E. art. 404(B)(1) states in pertinent part that:

*276 Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident ...
The admissibility of such evidence is determined by:
First, whether the evidence at issue has some independent relevance or is an element of the crime charged. State v. Dickerson, 772 So.2d at 851.
Second, whether the State has met the requirement to prove the defendant committed these other acts by clear and convincing evidence. Id.
Third, whether even though independently relevant the evidence's probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading of the jury, or by considerations of undue delay, or waste of time. Id.
Finally, the Prieur[2] requirements must be met under which the State must provide written notice of its intent to use other acts or crimes evidence, describe these acts in sufficient detail within a reasonable time before trial, and specify the exception to the general exclusionary rule for the admissibility of the evidence. No notice is required if the evidence of the offenses are a part of the res gestae or the convictions will be used to impeach defendant's testimony. The State must also show that the evidence is neither repetitive nor cumulative and is not being introduced to show the defendant is of bad character. Id.
In the present case, on the day of trial, the defendant filed a Motion in Limine in which he sought to exclude any evidence of his prior criminal history in case he pursued an entrapment defense. A hearing on the motion was held prior to trial. Specifically, the defendant sought to exclude a 1989 conviction for possession of heroin and a 1995 conviction for distribution of cocaine[3]. During the hearing, the defense counsel admitted that the State would be required to show the defendant had a predisposition to commit the crime should the defendant present an entrapment defense. However, the defense counsel argued that the prior convictions were too remote to be of any probative value regarding his predisposition to commit the presently alleged crime occurring on July 16, 2001, and should be inadmissible because they lacked similar character to the charged offense of knowingly and intentionally distributing a substance falsely represented to be counterfeit Cocaine.
During the hearing, the State argued that if the defendant presented an entrapment defense showing by a preponderance of the evidence that there was State inducement to commit the charged offense, then the State should be allowed to present any relevant arrests and convictions showing the defendant's predisposition to commit this type of crime. The State argued that both of the defendant's prior convictions were similar in character to the present crime, because they all involved distribution of drugs. The State noted that while the defendant pled guilty in 1989 to possession of heroin, he was initially arrested and charged with distribution of heroin. The State noted that the defendant's *277 prior convictions were not remote, because the defendant was incarcerated twice in the intervening twelve years and unable to commit a crime. The State claimed that because the defendant was sentenced in 1989 to five years in prison and was sentenced in 1995 to ten years at hard labor, he could not have been arrested for any other crimes during these periods.
The trial court denied the Motion in Limine based on these arguments presented at the hearing noting that it had not heard the evidence in the case and was relying on the representations of counsel as to the time periods of the defendant's past criminal convictions. The trial court considered the remoteness of the defendant's prior criminal history, whether that criminal history was supportive or had probative value relative to the instant charge, and whether it was unduly prejudicial. The trial court found that after removing the period of time in which the defendant was incarcerated that his prior criminal history was admissible, because it was not too remote from the currently charged offense.
In this appeal, the defendant argues that the trial court erred in denying his Motion in Limine based completely upon a lack of remoteness. The defendant claims that the State cannot refute remoteness by showing that he was incarcerated during the interval between his prior convictions and the currently charged offense. Furthermore, the defendant claims that the trial judge had no basis for determining whether his prior criminal history was remote, because the State failed to provide the exact periods of time that he was incarcerated. The defendant contends that the denial of his Motion in Limine prevented him from presenting an entrapment defense and denied him his right to a fair trial under the Louisiana and United States Constitutions.
The State argues that the defendant did not raise an entrapment defense at trial, and therefore, the trial court was not required to determine the admissibility of defendant's prior criminal activity. The State claims that the defendant prematurely sought to prevent this evidence before asserting an entrapment defense or its introduction by the State. In fact, the State claims that any error in the trial court's ruling denying the Motion in Limine is speculative, because the defendant did not raise an entrapment defense, and the State did not introduce other crimes evidence. Nevertheless, the State contends that the trial court properly denied the Motion in Limine, because the evidence of defendant's criminal history would have been admissible to show the defendant's predisposition to commit the charged crime, if the defendant raised an entrapment defense.
The Sixth Amendment of United States Constitution and the Louisiana Constitution, Article I § 16 (1974) guarantees a criminal defendant the right to present a defense. State v. Lewis, 01-1084, p. 5 (La.App. 5 Cir. 3/13/02), 815 So.2d 166, 171, writ denied, 02-1053 (La.11/15/02), 829 So.2d 424. The focal point of inquiry with an entrapment defense is the predisposition of the defendant to commit the crime, as well as the conduct of the police. Id. The entrapment occurs when a law enforcement official or a person cooperating with the official solicits, encourages, or otherwise induces another person to commit an offense when he is not then otherwise predisposed in order to obtain evidence of the commission of an offense. Id. That is, a defendant must be induced in some way to commit a criminal act, which he otherwise would not otherwise commit. Id. It is not entrapment, if the officers or *278 its agents have merely furnished a defendant predisposed to commit the crime with the opportunity. Id. In order to prevail in an entrapment defense, the defendant must prove an inducement by a State agent to commit an offense, and the lack of predisposition to commit the offense on the part of the defendant. Id. Upon raising an entrapment defense, the burden of proof is on the defendant to show by a preponderance of evidence that a State agent induced him to commit a crime. Id. The burden then shifts to the State to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to the State's involvement. Id. The Louisiana Supreme Court recognized that, if a defendant chooses to pursue an entrapment defense, evidence of his other criminal activity may be relevant in determining whether he had a predisposition to commit the present crime. State v. Batiste, 363 So.2d 639, 642 (La.1978). Before such evidence of other criminal activity may be admissible, it must first be clear that the defendant will invoke the entrapment defense. Id., at 643. If the defendant raises an entrapment defense, the State can utilize evidence of prior crimes of similar character to prove predisposition. Id. Even if the evidence is relevant to the defendant's predisposition to commit a crime, it should be excluded, if its prejudicial effect outweighs its probative value. Id.
The defendant in his brief cites Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), in support of his position that his prior convictions are too remote in time to be admissible. In Sherman, the United States Supreme Court reversed a defendant's conviction for illegal sales of narcotics finding that entrapment was proven as a matter of law and that the government failed to rebut the proof of entrapment. Id. The Supreme Court found that the two past convictions offered by the government to prove the defendant's predisposition to commit the present crime were insufficient to rebut the proof of entrapment. Sherman v. United States, 356 U.S. at 375. In Sherman, the charged offense was committed in 1951 and the prior convictions were in 1942 and 1946, nine and five years earlier. Id. Sherman is distinguishable from the present case, because the court did not address the admissibility of the prior convictions, but simply found the prior convictions did not adequately rebut the evidence of entrapment.
In the instant case, the defendant never raised an entrapment defense, but rather sought to exclude convictions that occurred twelve and almost six years prior to the current offense, just in case he chose to raise the defense.
The trial court based its ruling on the facts as presented during the hearing. The trial court considered the remoteness of the defendant's prior criminal history. There is no case law preventing the trial court from considering a defendant's time in incarceration in determining the remoteness of prior convictions. However, the remoteness in time of a prior conviction is only one factor to be considered when determining the probative value of evidence, and it usually goes to the weight of the evidence, rather than its admissibility. State v. Dickerson, 772 So.2d at 852. See also, State v. Bowie, 00-3344 (La.4/3/02), 813 So.2d 377, 391, cert. denied, Bowie v. Louisiana, 537 U.S. 951, 123 S.Ct. 416, 154 L.Ed.2d 297 (2002). The trial court also considered whether the defendant's criminal history was supportive or had probative value relative to the instant charge, and whether it was unduly prejudicial. Other crimes evidence, which shows that it is more probable than not that the defendant committed a criminal *279 offense, is prejudical. State v. Dickerson, 772 So.2d at 852. See also, State v. Humphrey, 412 So.2d 507 (La.1981). Therefore, courts must make a determination whether unfair prejudice to the defendant will result from the admission of other crimes evidence, when that evidence is only marginally relevant to the determination of the defendant's guilt. State v. Dickerson, 772 So.2d at 852. The trial court found that after removing the periods of time in which he was incarcerated, the defendant's prior convictions in 1989 and 1995 were not too remote.
For the first time on appeal, the defendant argues that the trial judge had no basis for determining whether his prior criminal history was remote, the State failed to provide the exact time periods of his incarceration. During the hearing, defense counsel made no contemporaneous objection to the alleged periods of incarceration presented by the State. In order to preserve the right to seek appellate review of an alleged trial court error, the party alleging the error must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. LSA-C.Cr.P. art. 841. State v. Gaal, 01-376, p. 11 (La.App. 5 Cir. 10/17/01), 800 So.2d 938, 949, writ denied, 02-2335 (La.10/3/03), 855 So.2d 294. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity allowing him the opportunity to make the proper ruling and correct any claimed prejudice to the defendant. Id. Since, the defendant has raised his objection to the alleged periods of incarceration presented by the State for the first time on appeal, there is no ruling for this court to review. Therefore, based on the record, the trial court did not abuse its discretion in denying the Motion in Limine prior to trial.
Next, the defendant claims that the trial court's ruling that the evidence of his past criminal history was admissible prevented him from presenting an entrapment defense. The defendant never made this argument at the trial court level. The defendant also failed to proffer any type of entrapment evidence that he declined to introduce, because of the trial court's ruling. The defendant was not prevented from presenting an entrapment defense, but rather chose not to for apparently tactical reasons.[4] If the entrapment evidence was the defendant's own testimony, then his past criminal convictions were admissible merely by his taking the stand. The trial court's ruling simply allowed the State the ability upon the defendant's presentation of an entrapment defense to rebut the defendant's claim of entrapment by showing his predisposition to commit the crime through his past criminal history. We find no legal error in the trial court's ruling.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. *280 App. 5 Cir.1990), and two errors were found.
The trial court failed to inform the defendant of the correct prescriptive period for filing for post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8. The trial court advised defendant he had "two years by which to file an application for post-conviction relief," but did not advise the defendant that the time period begins to run after his judgment of conviction and sentence has become final. This Court has held that the failure to advise the defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete. See, State v. George, 99-887, p. 3 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975. Therefore, we remand, and order the district court to send written notice of the prescriptive period to the defendant within ten days of the rendering of this opinion, and then file written proof in the record that the defendant received the notice in the record. Id.
Also, it does not appear the trial court observed the mandatory twenty-four-hour delay between denying the defendant's Motion for a New Trial and imposing sentence as required by LSA-C.Cr.P. art. 873. However, because the defendant does not challenge his sentence on appeal and there is no showing that the defendant was prejudiced by the failure to observe the delay, remand is unnecessary. See, State v. Shaw, 00-1051, p. 13 (La.App. 5 Cir. 2/14/01), 785 So.2d 34, 47, writ denied, 01-0969 (La.2/8/02), 807 So.2d 861.
SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] The defendant initially pled not guilty and was subsequently found incompetent to stand trial on August 7, 2002. Approximately eight months later, on April 16, 2003, defendant was found competent to stand trial. Thereafter, on May 1, 2003, he withdrew his plea of not guilty and entered a plea of not guilty by reason of insanity. The morning of trial, defendant changed his plea back to not guilty.
[2] State v. Prieur, 277 So.2d 126 (La.1973)
[3] The defendant was also arrested in 1988 for illegal distribution of a substance promoted to be heroin.
[4] See, State v. Lewis, 815 So.2d at 173, where this Court found the trial court's ruling granting the State's Motion in Limine to prevent the defendant from invoking the entrapment defense did not improperly deny him his right to present his entrapment defense. In its ruling, the trial court noted that it was denying the entrapment defense at the present time and until such time that defendant could show the confidential informant was acting outside of the agency and that the police knew of the informant's action. This Court found the trial court's ruling, "did not foreclose the possibility of the entrapment defense, but instead, recognized that the defense could avail itself of the entrapment defense once evidence to justify the defense and/or a jury instruction was presented at trial." Id. at 173.