956 So.2d 25 (2007)
STATE of Louisiana
v.
Percy M. TAYLOR.
No. 06-KA-839.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2007.
*26 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Juliet ClarkAppellate Counsel, Assistant District Attorneys, Gretna, Louisiana, Appellee, State of Louisiana.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, Louisiana, for Appellant, Percy M. Taylor.
Percy M. Taylor, Angola, Louisiana, Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
This is defendant's third appeal. Defendant was convicted of distribution of counterfeit cocaine on September 24, 2003, and subsequently sentenced to three years imprisonment.[1] His conviction and sentence were affirmed on appeal. State v. Taylor, 04-200 (La.App. 5 Cir. 10/26/04), *27 888 So.2d 272, writ denied, 04-3162 (La.4/1/05), 897 So.2d 601.
On October 29, 2004, defendant was adjudicated a fourth felony offender and received an enhanced sentence of life imprisonment. On appeal, his multiple offender adjudication was affirmed but his sentence was vacated and the matter remanded for resentencing. State v. Taylor, 05-280 (La. App. 5 Cir. 12/27/05), 920 So.2d 287.[2] On remand, defendant was resentenced to twenty years without the benefit of probation or suspension of sentence.
Defendant now challenges his twenty-year sentence. In both his counseled and pro se briefs, defendant argues his enhanced twenty-year sentence as a fourth felony offender is excessive. He contends the trial court erred in failing to deviate from the mandatory minimum sentence under State v. Dorthey, 623 So.2d 1276 (La.1993). He maintains a downward deviation is warranted because he has been diagnosed with two types of mental illness: schizophrenia and post-traumatic stress disorder. Defendant further asserts that a reduced sentence is warranted because his criminal history consists mainly of drug offenses in the 1980s with only one offense against a person, a simple robbery almost twenty years ago. He suggests that he turned to drugs to medicate his symptoms of schizophrenia. Defendant contends that the mandatory minimum twenty-year sentence is too severe based on his mental illness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Wickem, 99-1261 (La. App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992).
Three factors are considered in reviewing a trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Stewart, 03-920 (La.App. 5 Cir. 1/27/04), 866 So.2d 1016, 1028, writ denied, 04-0449 (La.6/25/04), 876 So.2d 832. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id.
A mandatory minimum sentence under the Habitual Offender Law may be reviewed for constitutional excessiveness. State v. Lindsey, 99-3256, 99-3302 (La.10/17/00), 770 So.2d 339, 342, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001). In State v. Dorthey, 623 So.2d 1276, 1280-1281 (La.1993), the Louisiana Supreme Court specifically held that when a trial court determines the minimum sentence mandated by La. R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial judge must reduce the sentence to *28 one that would not be constitutionally excessive.
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. Id. The burden is on the defendant to rebut the presumption of constitutionality by showing:
[h]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Johnson, supra at 676, quoting State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223.
Downward departures from the minimum sentence mandated by La. R.S. 15:529.1 should only occur in rare situations. State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, 132. The trial court must be mindful of the goals of the Habitual Offender Law, which are to deter and punish recidivism. State v. Ventress, 01-1165 (La.App. 5 Cir. 4/30/02), 817 So.2d 377, 384.
In this case, defendant was adjudicated a fourth felony offender based on his underlying conviction for distribution of counterfeit cocaine and three predicate convictions including distribution of cocaine in 1995, possession of heroin in 1989, and simple robbery in 1985. State v. Taylor, 05-280 (La.App. 5 Cir. 12/27/05), 920 So.2d 287. As a multiple offender, his sentencing range was 20 years to life. La. R.S. 15:529.1(A)(1)(c)(i). Defendant received the minimum sentence of 20 years.
At the sentencing hearing, defendant offered various exhibits including: 1) a psychiatric evaluation report from West Jefferson Mental Health Center, in which Dr. Richard Bergeron concluded defendant suffered from schizophrenia and mental retardation; 2) a report from Dr. Rafael Salcedo, in which Dr. Salcedo concluded defendant was incompetent to proceed to trial on the underlying offense; 3) a subsequent report from Dr. Salcedo, in which Dr. Salcedo determined defendant was competent to proceed to trial and concluded defendant suffered from Psychotic Disorder NOS, in remission, and Borderline Intellectual Functioning; 4) a report from Dr. Sarah DeLand, who performed a psychiatric evaluation of defendant at the request of defense counsel and concluded defendant suffered from Schizophrenia and Post Traumatic Stress Disorder; 5) educational test review results from Louisiana State Penitentiary Education Department, which showed he tested at a third-grade level; and, 6) various certificates of accomplishment earned by defendant while incarcerated.
In the present case, the trial judge did not impose the maximum sentence of life but rather imposed the minimum sentence of 20 years. Defense counsel argued at the sentencing hearing that defendant's mental condition and the nature of his crimes warranted a downward deviation from the mandatory minimum sentence. When imposing sentence, the trial judge stated a downward deviation from the mandatory minimum sentence was not warranted under Dorthey based on the evidence presented. The trial judge specifically stated that he considered defendant's mental illnesses and defendant's accomplishments during incarceration, which moved him to impose the minimum sentence. The trial *29 judge also noted that defendant's history showed that he habitually committed crimes when he was not incarcerated and found there was a likelihood that defendant would continue to commit crimes if he was given a lesser sentence that would place him back into society, which militated against a downward departure.
As noted above, a court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. State v. Johnson, 709 So.2d at 676. The record before us reveals that the trial judge did not err in refusing to deviate from the mandatory minimum sentence because defendant did not present sufficient evidence to rebut the presumption of constitutionality.
The record demonstrates that, since the 1980s, defendant has been committing crimes either while on parole or within a short time of being released from parole. Despite defendant's claim that most of his prior crimes were drug offenses, the record shows his criminal history includes a purse snatching that was reduced to simple robbery and an armed robbery that was also reduced to simple robbery.
Additionally, although defendant claims that his sentence is too severe because his underlying offense, selling fake drugs, was relatively insignificant, the Louisiana Supreme Court has stated that, "[t]raffic in counterfeit drugs involves most of the danger to society as does the traffic in real drugs." State v. Pierre, 500 So.2d 382, 384 (La.1987). Further, the mere allegation of being a non-violent habitual offender and a drug addict is not sufficient to find the mandatory minimum sentence excessive. State v. Harbor, 01-1261 (La. App. 5 Cir. 4/10/02), 817 So.2d 223, 227, writ denied, 02-1489 (La.5/9/03), 843 So.2d 388.
Furthermore, in State v. Hart, 397 So.2d 518 (La.1981), the Louisiana Supreme Court upheld a defendant's 75-year sentence for armed robbery and his maximum 50-year sentence for attempted first degree murder despite his diagnosis as a schizophrenic. Despite the defendant's mental condition, the supreme court concluded the trial court did not manifestly abuse its broad sentencing discretion. Also, in State v. Allen, 478 So.2d 589 (La. App. 2 Cir.1985), writ granted, 491 So.2d 12 (La.1986), affirmed as amended, 496 So.2d 301 (La.1986), the Second Circuit upheld the defendant's maximum 50-year sentence for attempted first degree murder despite the defendant's argument that the trial court did not consider his mental problems. The Second Circuit noted the defendant's extensive mental health treatment records, which showed he was a schizophrenic, were considered by the trial court as evidenced by the trial court's statement that defendant's mental illness could not mitigate the sentence because of the seriousness of the offense.
Finally, Dr. DeLand, defendant's psychiatric expert, opined that defendant was able to distinguish right from wrong at the time of the offense. Based on the foregoing, we find that, in this case, defendant did not rebut the presumption of constitutionality and, as such, the trial court did not abuse its wide discretion in refusing to deviate from the mandatory minimum twenty-year enhanced sentence.
By his second pro se assignment of error, defendant challenges the validity of one of his predicate pleas on the basis that he was coerced into pleading guilty and was not advised of his right against self-incrimination. He claims this Court overlooked this error in its error patent review in his second appeal. We note that the validity of defendant's predicate pleas was an assigned error in defendant's second *30 appeal, which was discussed in detail. See, State v. Taylor, 05-280 (La.App. 5 Cir. 12/27/05), 920 So.2d 287, 290-294.
Finally, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920. Our review of the proceedings conducted on remand reveals no error.
AFFIRMED.
NOTES
[1] The facts of defendant's underlying conviction can be found in this Court's prior opinions in this matter. State v. Taylor, 04-200 (La.App. 5 Cir. 10/26/04), 888 So.2d 272, writ denied, 04-3162 (La.4/1/05), 897 So.2d 601 and State v. Taylor, 05-280 (La.App. 5 Cir. 12/27/05), 920 So.2d 287.
[2] Defendant has filed a writ with the Louisiana Supreme Court seeking review of this Court's ruling in his second appeal. State v. Taylor, No.2006-KO-859. As of the date of this opinion, the supreme court has not ruled on defendant's writ application.