MARION F. EDWARDS, Chief Judge.
| gDefendant/appellant, Kernell Howard (“Howard”), appeals his adjudication as a fourth felony offender and his enhanced sentence of twenty years. For reasons that follow, we affirm.
Howard was arrested for distribution of a substance falsely represented to be a controlled dangerous substance as a result of a sale of two rocklike objects represented as cocaine to an undercover police officer. Howard was charged with the crime, a violation of La. R.S. 40:971.1 as it existed at the time of the offense on May 27, 2009.[1]
Because Howard has a history of mental illness, the trial court ordered mental evaluations of Howard’s competency to stand trial and his mental status at the time of the crime. After two competency hearings, the trial court found Howard to be legally sane at the time of the crime and competent to stand trial. Howard proceeded to a jury trial and was found guilty as charged. He filed a motion for new trial that was denied by the trial court, and he was sentenced to serve five years at hard labor. Howard filed a motion to reconsider the sentence that was denied and a motion for appeal that was granted.
^Subsequently, the State filed a multiple bill of information alleging that Howard was a quadruple offender. In the habitual offender bill of information, the State alleged Howard had several prior felony convictions including: (1) possession of cocaine (La. R.S. 40:967(C)) in 2008 in case number 04-6465 in Jefferson Parish; (2) distribution of cocaine within 1,000 feet of a church (La. R.S. 40:981.3) in 2008 in case number 05-1152 in Jefferson Parish; and (8) four counts of possession of cocaine (La. R.S. 40:967(C)) and three counts of distribution of cocaine within 1,000 feet of a church (La. R.S. 40:981.3) in 2008 in case number 05-85 in Jefferson Parish. The records of all three predicate offenses are before us as supplemental exhibits. It is clear that Howard pled guilty to all of the crimes charged above in the same proceeding on March 6, 2008. Howard denied the allegations in the habitual offender bill, and the trial court conducted a hearing on the issue.
The trial court conducted a hearing and adjudicated Howard as a quadruple offender. The trial court vacated the five-year sentence and imposed an enhanced twenty-year sentence. Howard filed a motion to reconsider the enhanced sentence that was denied.[2]

*381
LAW AND ANALYSIS

On appeal, Howard asserts that the trial court erred in finding that he is a quadruple offender and that his enhanced sentence is excessive.
Howard contends that the trial court erred by adjudicating him a fourth felony offender. Specifically, Howard asserts that his written response to the multiple offender bill of information sets forth with particularity the reasons why two of the convictions obtained on March 6, 2008 and used by the State as [4predicate offenses in the multiple bill, should not be used in the adjudication. Howard argues that the State’s documentation was incomplete because only one Boykin[3] transcript was provided to cover the three guilty pleas obtained on March 6, 2008 and that Howard was not informed that these convictions could be used individually to enhance a subsequent felony conviction. Howard also argues that placing copies of the waiver of rights form in the records of the other guilty pleas did not convey adequate proof that he made a knowing and intelligent waiver of his rights for those cases, thus rendering the State’s proof inadequate. Therefore, Howard argues that his conviction and sentence as a fourth felony offender should be vacated or that, in the alternative, he should be adjudicated as a second felony offender.
The State responds that Howard’s prior guilty pleas were voluntary and intelligent and that the trial court did not err in finding him to be a fourth felony offender. The State asserts that, by providing the waiver of rights form, it met its initial burden under Shelton[4] of proving both the existence of prior guilty pleas and that Howard was represented by counsel when they were taken. The State argues that Howard’s contention that he was unaware that his three guilty pleas could be used individually to enhance a future sentence is without merit and that, as such, Howard has failed to meet his burden of producing affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea under Shelton. The State contends that the trial court correctly determined that Howard was a quadruple offender because the waiver of rights form shows that Howard knowingly and voluntarily waived his three Boykin rights in all three predicate offenses.
|kTo prove a defendant is an habitual offender, the State must initially prove the prior felony convictions and that the defendant is the same person who was convicted of the prior felonies.[5] The latter can be established through the use of expert testimony that the defendant’s fingerprints match those from the prior convictions.[6] When the State relies on a prior conviction that is based on a guilty plea to prove the defendant’s habitual offender status and the defendant denies the habitual offender bill, the State’s burden of proof is governed by State v. Shelton.[7] The State must also prove that the prior convictions fall within the ten-year cleansing period prescribed by La. R.S.
*382 15:529.1(C).[8]
Under Shelton, it is initially the State’s burden to prove: 1) the existence of the prior guilty pleas, and 2) that the defendant was represented by counsel when the pleas were taken. If the State satisfies that burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant makes such showing, the burden of proving the constitutionality of the plea shifts to the State. This burden is met if the State produces a “perfect” transcript of the guilty plea, i.e., one which reflects a colloquy in which the judge informed the defendant of, and the defendant waived his right to, trial by jury, his privilege against self-incrimination, and his right of confrontation.[9]
If the State introduces anything less than a “perfect” transcript, such as a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge must weigh the evidence submitted by each party to determine 1 (¡whether the State has met its burden of proving the prior guilty plea was “informed and voluntary, and made with an articulated waiver of the three Boykin rights.” [10]
At the May 13, 2010 habitual offender hearing, the State introduced the original Twenty-Fourth Judicial District Court records from Cases No. 04-6465, No. 05-1152 and No. 05-0085. Howard pled guilty in all three cases on March 6, 2008. The Plea of Guilty & Waiver of Rights Form, which is present only in the record related to Case No. 04-6465, lists all three case numbers and includes a waiver of the three essential Boykin rights, minimum and maximum sentences for each of the charges, Howard’s specific sentence for each of the charges, and the signatures of both Howard and his attorney. Howard also indicated on the form that he had not been forced, coerced, or threatened to enter his guilty pleas and acknowledged that “this will be a felony conviction which could be used against me in the future if I get convicted of another felony to make the possible penalty worse.” Thus, we find the State has met its initial burden of proving the existence of the prior convictions and that defendant was represented by counsel.
We also find the State met its burden of proving identity at the habitual offender hearing. The State produced a card containing fingerprints taken from Howard in court the day of the habitual offender hearing and separate bills of information bearing the fingerprints of Howard in all three of the predicate offenses, which were taken on March 6, 2008 at the time of the guilty pleas. The State also offered the testimony of Deputy Aischa Prudhomme, a latent fingerprint analyst with the Jefferson Parish Sheriffs Office who was accepted by the court as an expert in fingerprinting analysis and identification. Deputy Prudhomme identified State’s Exhibit 1 as a set of fingerprints she took from Howard on May 13, 2010, in open court. Deputy Prudhomme testified that she compared the |7fingerprints taken that day in open court with those taken in the three predicate offenses, and she found they were “made by the same individual, that being Mr. Howard.”
*383 Since the State met its initial burden, the burden then shifted to Howard to establish a defect in the proceedings or an infringement of his constitutional rights.
Defense counsel objected to the three predicate felony convictions on the grounds that there was only one Boykin form for the three guilty pleas taken on March 6, 2008 and that Howard was not adequately advised of the future applicability of La. R.S. 15:529.1 on the individual cases to which he pled. More specifically, defense counsel asserted that, because the Boykin form states that “by pleading guilty, this will be a felony conviction,” Howard was not properly informed that each of the felony convictions could be used to enhance a potential future sentence.
The State asserted that, even though the guilty pleas were taken on the same day, they constitute independent charges under La. R.S. 15:529.1. The State further argued that Howard’s claim that the Boykin form was inadequate because it failed to warn that each conviction could be used for multiple offender purposes was insufficient to establish a defect in the proceedings.
We find the State’s argument convincing. The waiver of rights form shows that Howard was advised of all three of his Boykin rights when he entered the three predicate guilty pleas. Even though each record does not contain a separate Boykin form, the Plea of Guilty & Waiver of Rights Form expressly lists all three case numbers and the specific charges against Howard in each case. It also includes the minimum and maximum sentences for each of the charges, Howard’s specific sentence for each of the charges, and the signatures of Howard, his attorney, and the judge. Additionally, the State introduced commitments and/or minute entries | «showing that Howard was advised of his rights in each case and that he waived them.
Finally, there is no requirement that a defendant be informed that a guilty plea and conviction may be used as the basis for the filing of a future multiple offender bill. The advice with respect to a defendant’s sentencing exposure has never formed a part of the core Boykin requirements for the entry of a presumptively valid guilty plea.[11] We also note that the Louisiana Supreme Court has not required that a defendant be informed that his guilty plea may be used as a basis for the filing of a future multiple offender bill or that this aspect forms a part of the Boykin rights.[12] Thus, the failure of a defendant to be advised of the sentencing exposure in the predicate offenses or that his guilty pleas could be later used to enhance future convictions does not render his predicate pleas invalid.
Thus, we find Howard has failed to present affirmative evidence of any infringement on his rights or procedural irregularity in the taking of his predicate pleas. As such, the burden never shifted to the State to prove the constitutionality of the predicate pleas. This assignment of error is without merit.
Howard also asserts that his twenty-year enhanced sentence is excessive. As a fourth felony offender, Howard faced an habitual offender sentence that ranged from twenty years to life imprisonment.[13] Defendant received the minimum sentence of imprisonment of twenty years. *384 Nevertheless, Howard argues that the trial court erred in failing to deviate from the mandatory minimum sentence.[14] Howard maintains that a downward deviation is warranted because he had been treated for schizophrenia and was receiving medication for this condition. Howard 19further asserts that he was not convicted of a crime of violence and that his criminal history consists mainly of drug offenses. He contends that his crime of distributing “bunk” cocaine to support his habit does not merit a twenty-year sentence. Howard also argues that the trial court failed to articulate the factors considered for sentencing as required by La.C.Cr.P. art. 894.1.[15] As such, Howard contends that the mandatory minimum twenty-year sentence should be considered constitutionally excessive.
The State responds that the trial court did not abuse its broad sentencing discretion. Specifically, the State argues that Howard did not meet his burden under Dorthey of rebutting the presumption of constitutionality of the mandatory minimum sentence. Specifically, the State asserts that Howard’s non-violent criminal history, addiction to drugs, and schizophrenia did not warrant a downward deviation from the mandatory minimum sentence. Additionally, the State contends that the trial court is not required to comply with the sentencing guidelines set forth in La. C.Cr.P. art. 894.1 when sentencing a defendant as an habitual offender. Thus, the State argues that Howard’s sentence should be upheld.
The Louisiana Supreme Court has recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness.[16] When a trial court determines that the minimum sentence mandated by La. R.S. 15:529.1 makes no “measurable contribution to acceptable goals of punishment,” or that the sentence amounts to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to | Tnthe severity of the crime,” the trial judge must reduce the sentence to one that would not be constitutionally excessive.[17]
However, it is presumed that the mandatory minimum sentence under the Habitual Offender Law is constitutional.[18] In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is “exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.” [19]
Downward departures from the minimum sentence mandated by La. R.S. 15:529.1 should only occur in rare situations. When evaluating whether the defendant has met his burden, the trial court must be mindful of the goals of the Habitual Offender Law, which are to deter *385 and punish recidivism.[20]
In this case, Howard was adjudicated a fourth felony offender based on his underlying conviction for distribution of an imitation controlled dangerous substance and three predicate convictions including possession of cocaine, and distribution of cocaine within 1,000 feet of a church. As a fourth felony offender, Howard faced an habitual offender sentence that ranged from twenty years to life imprisonment.[21] Defendant received the minimum sentence of twenty years imprisonment.
After sentencing, Howard filed a motion to reconsider sentence, arguing that a downward deviation from the mandatory minimum sentence was warranted under Dorthey. In denying Howard’s motion, the trial judge considered Howard’s Inhistory of involvement in drug distribution and multiple convictions, and it determined that the minimum sentence provided by the legislature was an appropriate sentence under the circumstances.
We note that, in addition to the predicate convictions noted above, the record reveals that Howard was also convicted of simple burglary in 1993 and possession of cocaine in 1993. Moreover, despite Howard’s contention that his mental condition warranted a downward deviation, Drs. Sal-cedo and Riehoux opined that Howard was legally sane at the time of the alleged offense and that he was competent to proceed to trial.
This Court has held that a defendant’s mere allegations that he is a drug addict and a non-violent habitual offender are not sufficient to find the mandatory minimum sentence excessive.[22]
Moreover, Howard’s contention that the severity of his sentence was disproportionate to his crime (i.e., selling “bunk” cocaine) appears to merit little consideration. The Louisiana Supreme Court has held that “[tjraffic in counterfeit drugs involves most of the danger to society as does the traffic in real drugs.”[23]
Finally, Howard’s argument concerning the trial court’s failure to articulate the factors considered for sentencing as required by La.C.Cr.P. art. 894.1 also appears to warrant little merit. Compliance with sentencing guidelines pursuant to La.C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law.[24]
We find that Howard has failed to rebut the presumption of constitutionality of the trial court’s imposition of the minimum mandatory sentence in the instant 112case. The trial court has not abused its wide discretion in refusing to deviate from the mandatory minimum twenty-year enhanced sentence in this matter.
Therefore, we find this assignment of error is without merit.
ERRORS PATENT
In our standard review for errors patent on the face of the record, we find the trial court imposed an illegally lenient habitual offender sentence. The transcript reveals that Howard was sentenced to a sentence of twenty years without restrictions in contradiction of La. R.S. 15:529.1(G) which provides that “[a]ny sentence imposed under the provisions of this Section shall be *386 without benefit of probation or suspension of sentence.”[25]
However, because a statute’s requirement that a defendant be sentenced without benefit of parole, probation, or suspension of sentence is self-activating, no corrective action is required by this Court.[26]
For the reasons set forth in this opinion, we hereby affirm Howard’s conviction for distribution of a substance falsely represented to be a controlled dangerous substance, his adjudication as a fourth felony offender, and his enhanced sentence.

AFFIRMED

. Recent legislative updates to La. R.S. 40:971.1 have been made but are inapplicable to this crime.

. Howard’s motion for appeal was filed after sentencing on the underlying charge and before consideration of the multiple bill of information and was, therefore, premature. However, that procedural defect was cured by the *381 subsequent re-sentencing. State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. State v. Shelton, 621 So.2d 769 (La.1993).

. State v. Jones, 09-788 (La.App. 5 Cir. 4/13/10), 35 So.3d 1162, 1167 (citing State v. Nguyen, 04-321, p. 19 (La.App. 5 Cir. 9/28/04), 888 So.2d 900, 912, writ denied, 05-0220 (La.4/29/05), 901 So.2d 1064).

. Id.

. 621 So.2d 769, 779-80 (La. 1993).

.State v. Guillará., 04-899 (La.App. 5 Cir. 4/26/05), 902 So.2d 1061, 1072, writ denied, 05-1381 (La. 1/13/06), 920 So.2d 233.

. Id.

. Shelton, 621 So.2d at 780.

. State v. Kelly, 01-321 (La.App. 5 Cir. 10/17/01), 800 So.2d 978, 986, writ denied, 01-3266 (La. 11/1/02), 828 So.2d 565.

. Id. at 986 (citing State v. Frickey, 00-294 (La.App. 5 Cir. 9/26/00), 769 So.2d 791, 799).

. La. R.S. 15:529.1(A)(1)(c)(i).

. State v. Dorthey, 623 So.2d 1276 (La. 1993).

. It is noted that there have been recent legislative updates to La.C.Cr.P. art. 894.1 which do not relate to this discussion.

. State v. Taylor, 06-839 (La.App. 5 Cir. 3/13/07), 956 So.2d 25, 27, writ denied, 06-0859 (La.6/15/07), 958 So.2d 1179.

. Taylor, 06-839, 956 So.2d at 27-28.

. Id. at 28.

. Id. at 28 (citing Johnson, 709 So.2d at 676 (quoting State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223)).

. Id. at 28.

. La. R.S. 15:529.1(A)(1)(c)(i).

. Taylor, 956 So.2d at 29.

. Id.

. State v. Jenkins, 07-586 (La.App. 5 Cir. 1/22/08), 977 So.2d 142, 148.

. The commitment indicates that the "sentence is to be served without benefit of probation or suspension of sentence.”

. La. R.S. 15:301 and State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790.