STATE OF LOUISIANA

VERSUS

RYAN CHRISTOPHER HUNTER

NO. 22-KA-498

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-4356, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

April 26, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Robert A. Chaisson

<u>**AFFIRMED**</u>
 **MEJ**
 **SMC**
 **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Anne M. Wallis
Zachary L. Grate
Stephen Downer

COUNSEL FOR DEFENDANT/APPELLANT,
RYAN CHRISTOPHER HUNTER
Prentice L. White

**JOHNSON, J.**

Defendant, Ryan Christopher Hunter, timely appeals his adjudication as a double felony offender. For the following reasons, we affirm his conviction and subsequent habitual offender adjudication and sentence.

### FACTS AND PROCEDURAL HISTORY

In April of 2021, Louisiana State Trooper Nicholas Dowdle detected a white Chevy Malibu traveling more than 20 miles over the posted speed limit while working a speed enforcement detail. Trooper Dowdle activated his lights and initiated a traffic stop. Defendant, Ryan Christopher Hunter, was driving the vehicle. Defendant opened the center console of the vehicle attempting to locate his state identification card, and Trooper Dowdle noticed a loaded gun magazine in the center console.[1] Trooper Dowdle ordered Defendant out of the vehicle and then secured Defendant in the back seat of his police cruiser. Trooper Dowdle then searched the vehicle and found two loaded gun magazines, a firearm, plastic baggies with teal and green colored pills - methamphetamine, a digital scale, and a plastic bowl containing green vegetable matter – 83 grams of marijuana plus a "marijuana butt." Defendant also had approximately $1,800 in cash in his pocket. Defendant denied having any knowledge of the firearm, pills, or the loaded gun magazines. Trooper Dowdle ran Defendant's information through his computer system and discovered that Defendant had a 2018 conviction for aggravated battery, and that his probation ended April 2020. The trooper then arrested Defendant.

Defendant was charged with possession of a firearm by a convicted felon, possession of a firearm while in possession of a controlled dangerous substance, and possession with the intent to distribute marijuana less than 2.5 pounds in

---

[1] Defendant advised Trooper Dowdle that he did not have a driver's license.

violation of La. R.S. 14:95.1, 14:95(E), and 40:966(A), respectively. Defendant pled not guilty to the felony offenses.

At trial, which took place on April 19-20, 2022, Defendant testified as follows: The firearm and loaded gun magazines belonged to the friend who loaned him the vehicle. However, he denied knowing who the pills belonged to and also denied that he was speeding at the time that he was pulled over. Defendant insisted that he was travelling at 53 miles per hour and the radar was wrong. On the stand, he again admitted that the marijuana and the digital scale belonged to him. He and his then pregnant fiancée were headed to Laplace to attend a three-day event with three other couples. The marijuana was for Defendant and his ex-fiancée's personal use and he did not intend to sell any of the marijuana. That same day, a twelve-person jury returned a unanimous verdict as to Count 3 – possession of marijuana weighing less than 2.5 pounds with the intent to distribute.[2] On May 12, 2022, Defendant was sentenced to eight years at hard labor with credit for time served.

Also on May 12, 2022, the State filed a habitual offender bill of information against Defendant, alleging he is a second-felony offender because of his 2018 conviction for aggravated battery. Defendant entered a guilty plea to the habitual offender bill after acknowledging and waiving his constitutional rights. He also consented to a sentencing range of three and a third to twenty years as a second-felony offender. The district court informed Defendant that the State offered him an eight-year sentence in exchange for his guilty plea. The court found that Defendant's waiver of his rights was not knowing and intelligent and docketed a habitual offender bill hearing on May 17, 2022, which was continued until May 26, 2022. At the hearing, Defendant stipulated to being the same Ryan Hunter who

---

[2] The jury could not reach a valid verdict for Count 1- possession of a firearm while in possession of a controlled dangerous substance and Count 2 - possession of a firearm by a convicted felon.

was convicted of aggravated battery in 2018. After the district court advised Defendant of his "*Boykin*"[3] rights, and Defendant verified that he understood that the sentencing range for his crimes was three and one third to twenty years, and that he would receive eight years, without the benefit of probation, or suspension of sentence, the district court accepted Defendant's guilty plea. The court then vacated his original sentence, re-sentenced him as a second-felony offender under La. R.S. 15:529.1 to eight years imprisonment at hard labor without the benefit of probation or suspension of sentence pursuant to the plea agreement, and remanded him to the custody of the Department of Corrections, with credit for time served.

### *ASSIGNMENT OF ERROR*

Defendant argues that the district court abused its discretion when it sentenced him to eight years without the assistance of a pre-sentencing report. He argues that the court should have obtained a pre-sentence investigation (PSI) report to determine an appropriate sentence. Defendant points out that a sentence within statutory limits can be reviewed for constitutional excessiveness. Defendant also claims that the district court did not indicate that it considered the sentencing factors listed in La. C.Cr.P. art. 894.1.

The State asserts that Defendant cannot appeal a sentence imposed in conformity with a habitual offender stipulation. Nevertheless, the State argues that Defendant did not object to the sentence, did not file a motion to reconsider sentence, and did not allege any mitigating factors. The State avers that the district court is not required to order a PSI and that Defendant did not object to the lack of a PSI. It also opines that the record contains an adequate factual basis for the sentence and that the court need not comply with La. C.Cr.P. art. 894.1 when the sentence is based on a plea agreement. The State contends that the sentence is not excessive.

---

[3] *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

## LAW AND DISCUSSION

A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. *State v. McKinney*, 19-380 (La. App. 5 Cir. 12/26/19), 289 So.3d 153, 166-67.

After review, we find that Defendant is not entitled to relief. Under La. C.Cr.P. art. 881.2(A)(2), a defendant "cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed prior to pleading guilty. *State v. Lloyd*, 21-645 (La. App. 5 Cir. 8/24/22), 348 So.3d 222, 237, *writ denied*, 22-1354 (La. 11/22/22), 350 So.3d 499.

The record reflects that Defendant agreed to stipulate to his status as a second-felony offender in exchange for the eight-year sentence he received. The waiver of rights guilty plea form executed by Defendant indicates that he understood that he would receive an eight-year sentence in exchange for admitting his status as a second-felony offender. During the plea colloquy, the district court judge advised Defendant that if he accepted the guilty plea, he would be sentenced to "eight years, without benefit of probation or suspension of sentence." Defendant indicated he understood this and the court sentenced him to eight years without the benefit of probation or suspension of sentence, pursuant to the plea agreement.

Further, a pre-sentence investigation is an aid to the trial court and is not a right of a defendant. *State v. Gatson*, 21-156 (La. App. 5 Cir. 12/29/21), 334 So.3d 1021, 1040-41. La. C.Cr.P. art. 875 provides that it is discretionary with the trial court whether a pre-sentence investigation is ordered prior to sentencing. *Id.*; *State*

*v. Sanborn*, 02-257 (La. App. 5 Cir. 10/16/02), 831 So.2d 320, 331, *writ denied,* 02-3130 (La. 9/26/03), 854 So.2d 346. Further, compliance with sentencing guidelines pursuant to La. C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law. *State v. Howard*, 10-541 (La. App. 5 Cir. 4/26/11), 64 So.3d 377, 385, *writ denied,* 11-1073 (La. 12/2/11), 76 So.3d 1173. Moreover, the district court is not required to comply with La. C.Cr.P. art. 894.1 when a defendant pleads guilty and agrees to the sentence imposed, as occurred in this case. *See State v. Nelson*, 17-191 (La. App. 5 Cir. 11/29/17), 232 So.3d 1274, 1283, *citing State v. Dickerson*, 11-236 (La. App. 5 Cir. 11/15/11), 80 So.3d 510, 521.

If, as in the instant case, Defendant made no objection to the sentence imposed and did not file a motion for reconsideration, then the sentence is only reviewable on appeal for constitutional excessiveness. *See State v. Anderson*, 01-789 (La. App. 5 Cir. 1/15/02), 807 So.2d 956, 961, *writ denied,* 02-569 (La. 1/24/03), 836 So.2d 42 *citing State v. Mims,* 619 So.2d 1059, 1059-60 (La. 1993). Even if he had not agreed to a plea agreement, Defendant failed to properly preserve this issue for review. Further, the enhanced sentence the district court imposed is more than four years less than the midpoint of the range – 12.5 years. If we were to review Defendant's sentences, we could not conclude that the district court abused its wide discretion in this instance, as the sentence falls within the ranges set forth in the statutes. *See Nelson*, *supra*, at 1282; La. R.S. 40:966(A); La. R.S. 15:529.1. Defendant's assignment of error is without merit.

### ERRORS PATENT

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). There are no errors that require corrective action.

### DECREE

Considering the foregoing, Defendant's underlying conviction, habitual offender adjudication, and enhanced sentence are affirmed.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 26, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-498**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          PRENTICE L. WHITE (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
STEPHEN DOWNER (APPELLEE)
ZACHARY L. GRATE (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053