J¿CLARENCE E. McMANUS, Judge.
In this case, defendant, Linroy Douglas, appeals his enhanced sentence of twenty years at hard labor for possession with intent to distribute marijuana following adjudication as a multiple offender. For the following reasons, we affirm his conviction and sentence.

FACTS AND PROCEDURAL HISTORY

On December 1, 2000, Jefferson Parish Sheriffs Office Sergeant Jason Renton received information from a confidential informant that a subject identified as “Black” was distributing narcotics from a residence located at 2800 Mount Kennedy Boulevard, Building 16, Apartment 1604 (defendant’s residence). Thereafter, Sgt. Renton and the informant went to the residence so that the informant could make a controlled narcotics purchase. Sgt. Renton testified that he observed the informant enter and exit the residence and walk straight back to Sgt. Renton’s vehicle.
The informant subsequently gave the narcotics he purchased to Sgt. Renton. The sergeant then conducted a field test on the substance which tested positive for the presence of marijuana. Sgt. Renton left the residence, prepared a search warrant, and had it signed. Detective Jeff Heggelund conducted surveillance on the residence in Sgt. Renton’s absence.
When Sgt. Renton arrived back at the residence, he and other officers entered with a key they obtained from Joseph Douglas, who was previously at the residence. Defendant and two small children were inside. A canine and his handler, Agent Dawn Gentner, searched the residence. While Agent Gentner led the dog through the residence, Sgt. Renton sat at the kitchen table with defendant and logged in the evidence as it was brought to him.
IsSgt. Renton advised defendant of his constitutional rights. When Agent Gent-ner located 87 bags containing marijuana, Sgt. Renton again advised defendant of his constitutional rights and asked him who owned the marijuana. Defendant responded that he did not know the marijuana was in the residence. However, once Sgt. Bruce Harrison brought over a larger Ziploc bag containing marijuana, defendant said, “Y’all can stop tearing up my house, I don’t have anything else, you got it all.”
While Sgt. Renton was transporting defendant to the detective bureau, defendant admitted the marijuana belonged to him. Sgt. Renton asked defendant to identify his supplier. Defendant replied that he wanted to negotiate a deal. Sgt. Renton told defendant that he could not authorize *899 a deal, and that he would have to contact the District Attorney’s office. Defendant told Sgt. Renton that he was obtaining three to four pounds of marijuana, and that he was purchasing the marijuana for $600.00 a pound. In addition to the marijuana, the officers found a pistol with an ammunition magazine and a large amount of cash during the search of defendant’s residence.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Linroy Douglas, with Count 1: being a felon in possession of a firearm in violation of LSA-R.S. 14:95.1; and Count 2: possession with intent to distribute marijuana in violation of LSA-R.S. 40:966(A). Defendant was arraigned and pled not guilty.
Defendant waived his right to a jury trial and the matter was tried by the trial judge. Following conclusion of the trial, defendant was found guilty as charged. The trial judge sentenced defendant to imprisonment at hard labor for fifteen years on Count 1 and twenty years on Count 2, with the sentences to run concurrently. The trial judge also ordered the sentence on Count 1 to be served without benefit of Rparole, probation, or suspension of sentence. Defendant filed a motion to reconsider sentence which was denied.
Following sentencing, the state filed a multiple bill alleging defendant to be a third felony offender. Defendant denied the allegations of the multiple bill and filed objections to the multiple bill. On October 3, 2003, the trial judge found defendant to be a third felony offender, vacated the original sentence on Count 2, and sentenced defendant to imprisonment at hard labor for twenty years without benefit of probation or suspension of sentence, to run concurrently with the original sentence on Count 1. Defendant’s motion for appeal was granted. This appeal followed.

DISCUSSION

Defendant argues that his twenty-year multiple offender sentence is constitutionally excessive, even though it was the mandatory minimum sentence prescribed. He contends that a pre-sentence investigation was not ordered. Defendant asserts that the trial court failed to articulate reasons for his severe sentence, other than the fact that the sentence was legislatively mandated and that a loaded gun was found in the house with children. He claims that the trial court did not consider any mitigating factors, such as his relatively young age, the absence of prior convictions for crimes of violence, or the fact that he was trying to support his family. The state responds that the sentence was not constitutionally excessive.
Our review of the record demonstrates that defendant did not file a written motion to reconsider the multiple offender sentence under the provisions of La-C.Cr.P. art. 881.1. Additionally, defendant did not make an oral objection to the enhanced sentence at the time of sentencing. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied, 99—3217 (La.4/20/00), 760 So.2d 342. Accordingly, we now examine defendant’s sentence to determine if it is constitutionally excessive based on the following criteria.
A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), *900 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Trial judges are granted great discretion in imposing sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
The Louisiana Supreme Court has recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Cushinello, 01-109 (La.App. 5 Cir. 7/30/01), 792 So.2d 926, 929, writ denied, 01-2505 (La.9/20/02), 825 So.2d 1159.
When a trial court determines that the minimum sentence mandated by LSA-R.S. 15:529.1 makes no “measurable contribution to acceptable goals of punishment,” or that the sentence amounts to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime,” the trial judge must reduce the sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d at 1280; State v. Ventress, 01-1165 (La.App. 5 Cir. 4/30/02), 817 So.2d 377, 383. However, it is presumed that the mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 709 So.2d at 676; State v. Harbor, 01-1261 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 226, writ denied, 02-1489 (La.5/9/03), 843 So.2d 388.
In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is “exceptional, which ... means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.” State v. Harbor, 817 So.2d at 227. When evaluating whether the defendant has met his burden, the trial court must be mindful of the goals of the Habitual Offender Law, which are to deter and punish recidivism.
Further, if the trial court finds clear and convincing evidence that justifies reducing the mandatory minimum sentence, the court cannot impose whatever sentence it may feel is appropriate. Rather, the trial court must impose the longest sentence that is not constitutionally excessive with specific reasons to explain why that sentence is the longest sentence that is not constitutionally excessive. Johnson emphasized that a downward departure from the minimum sentence mandated by LSA-R.S. 15:529.1 should only occur in “rare situations.” State v. Johnson, 709 So.2d at 677.
In the instant case,, the trial judge found defendant to be a third felony offender, vacated the sentence on Count 2 (possession with intent to distribute marijuana), and sentenced defendant under LSA-R.S. 15:529.1 to imprisonment at hard labor for twenty years without benefit of probation or suspension of sentence, to run concurrently with the sentence on Count 1.
At the time that the offense was committed on December 1, 2000, LSA-R.S. 15:529.1(A)(1) provided in pertinent part:
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
*901 \i- • • •
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or
(ii) If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
La-R.S. 15:529.1(A)(l)(b)(ii) was amended by Acts 2001, No. 403 § 2, effective June 15, 2001, to read as follows:
If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The changes mandated by 2001 La. Acts 403 do not apply to sentences imposed for crimes committed before the Act’s effective date. State v. Barnes, 02-2059 (La.4/4/03), 845 So.2d 354. Operation of this rule extends to habitual offender sentences imposed pursuant to LSA-R.S. 15:529.1. Id.
At the time of the offense in this case, possession with intent to distribute marijuana (the underlying offense) was punishable by imprisonment at hard labor for not less than five years nor more than thirty years and a fine of not more than fifty thousand dollars. La-R.S. 40:966(B)(2). La-R.S. 15:529.1(A)(l)(b)(ii) then provided for the imposition of a life sentence without benefit of parole, probation, or suspension of sentence. At the habitual offender hearing, the state proved that defendant was previously convicted of possession of cocaine in 1993 and possession with intent to distribute cocaine in 1991.
| ^Defendant's underlying offense and the 1991 predicate are violations of the Uniform Controlled Dangerous Substances Law punishable by more than five years imprisonment. LSA-R.S. 40:966(B)(2) and R.S. 40:967(B)(4)(b). Therefore, under the habitual offender statute as it existed at the time of the commission of this offense (December 1, 2000), defendant was subject to an enhanced mandatory minimum sentence of life imprisonment at hard labor without benefit of parole,, probation, or suspension of sentence. We note that defendant’s twenty-year enhanced sentence is illegally lenient. However, neither the state nor defendant raised that issue below or on appeal.
Pursuant to State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, and LaC.Cr.P. art. 882, this Court has the authority to correct an illegally lenient sentence despite the fact that neither party raised the issue in the district court or on appeal. State v. Clemons, 01-1032 (La.App. 5 Cir. 2/26/02), 811 So.2d 1047, 1049, writ denied, 02-866, 02-918 (La.11/22/02), 834 So.2d 972, cert. denied, — U.S.-, 123 S.Ct. 2228, 155 L.Ed.2d 1117 (2003). This authority is permissive rather than mandato *902 ry. State v. Jordan, 02-820 (La.App. 5 Cir. 12/20/02), 836 So.2d 609.
In State v. Williams, 02-1016 (La.App. 5 Cir. 2/25/03), 841 So.2d 936, 944-947, defendant argued that his thirty-year sentence for possession of cocaine as a fourth felony offender was constitutionally excessive. Before addressing the merits of defendant’s assignment, this Court addressed the leniency of his sentence. We declined to exercise our authority under the facts presented in that case. We then analyzed the merits of defendant’s excessive sentence argument, but concluded that the thirty-year sentence was not constitutionally excessive. State v. Williams, 841 So.2d at 947.
In the instant case, prior to the multiple offender sentencing hearing, the trial judge stated:
| ¡¡One of — a couple of things troubled me about this. There were lots and lots and lots of drugs. — small amounts, big amounts, the whole schmear [sic]. That troubled me. But I guess what troubled me even more is that there was a gun in the room with two small children. Why anybody would do that is absolutely beyond me. We can all be very grateful that those children are still alive and well, and — because the chances of them not being are just too good. I mean, we read every day in the newspaper about people who — who—children who are playing with guns, that shoot each other, they don’t mean to, and that’s just about as bad as it gets, in my opinion.
The trial judge did not give oral reasons prior to sentencing defendant under the multiple offender bill of information.
After reviewing the record in this case, including the certified copies of defendant’s two predicate convictions, we find that the twenty year sentence for a third felony offense is not constitutionally excessive. Under the amended habitual offender statute, the sentencing range for defendant is twenty to sixty years. La-R.S. 15:529.1(A)(l)(b)(i). The trial court sentenced defendant to twenty years, which is the mandatory minimum. Moreover, under the pre-amendment version of La-R.S. 15:529.1, the mandatory minimum sentence for a defendant with two drug felonies was life imprisonment without benefit of parole, probation, or suspension of sentence. Thus, we find no merit to defendant’s argument that his twenty-year sentence is excessive.

ERROR PATENT DISCUSSION

We reviewed the record for errors patent, pursuant to La-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and note that there are no errors patent that required correction in this case.

DECREE

Based on the foregoing, defendant’s conviction and sentence are affirmed.

AFFIRMED.