ROBERT M. MURPHY, Judge.
|2This is defendant Kevin Wise’s second appeal. On original appeal, this Court affirmed defendant’s conviction but vacated his habitual offender sentence and remanded the matter for resentencing after finding that the trial court failed to vacate defendant’s original sentence prior to imposing his enhanced sentence. See State v. Wise, 13-247 (La.App. 5 Cir. 11/19/13), 128 So.3d 1220. Defendant filed the instant second appeal: in his counseled assignments of error, he challenges the alleged excessiveness of his habitual offender sentence imposed after his resentencing on remand; he further presents five pro se assignments of error in his supplemental brief. For the reasons that follow, we affirm his conviction and sentence after remand. We further remand the matter for correction of a patent error as noted herein.
J^FACTS AND PROCEDURAL HISTORY
During the afternoon hours of December 22, 2011, defendant entered the Burger King on Lapalco Blvd. in Harvey, Louisiana. Sharlene Jones, a store manager, was getting change out of the safe for a customer when defendant reached over the counter and told her to give him the change drawer. Defendant and Ms. Jones struggled over the cash drawer, and defendant stated that he had a gun. Defendant jumped over the counter, and the cash drawer fell to the floor, scattering the money it contained. Defendant picked up some of the money. He then attempted to escape through the front door, but discovered that Ms. Jones had locked it. Next, he attempted to escape through the “drive-thru” window.
During this time a second manager, Ny-ishia Randall, exited from the back office and saw defendant in the kitchen, by the safe, “scrambling for money,” and then *67 trying to crawl out of the “drive-thru” window.
While defendant was trying to escape, Lieutenant Dax Russo- arrived on the scene. He was let into the store and was told that defendant was trying to exit the “drive-thru” window; however, only defendant’s head and torso were through the window. After much resistance, Lt. Russo was able to apprehend defendant before defendant was able to exit the window completely. Lt. Russo discovered that, despite his assertions to the contrary, defendant was unarmed.
Defendant testified oh his own behalf at trial. He stated that when he entered the Burger King, he ordered and paid for his food. While waiting for his order, defendant testified that he “blacked out.” Defendant stated that he did not remember struggling with Ms. Jones over- a cash drawer, nor did he remember struggling with Lt. Russo or attempting to exit 14the restaurant through the drive-thru window. Defendant further claimed that when he regained consciousness, 'he did not have any money in his pockets. After -defendant provided a statement to the police at the police station, an ambulance transported him to University Hospital. Defendant testified that he has prior convictions for unauthorized use of a movable, issuing worthless checks, aggravated battery, theft, attempted simple robbery,, and first degree robbery. Wise, 128 So.3d at 1223-24.
On February 6, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant with simple robbery of Sharlene Jones in violation of La. R.S.' 14:65. Defendant was arraigned -on February 7, 2012, and pled not guilty. On August 15, 2012, a six-person jury found defendant guilty -of the lesser included offense of attemptéd simple robbery. La. R.S. 14:65 and La. R.S. 14:27.
' Oh August 23, 2012, the State filed a multiple offender bill of information alleging defendant to be a fourth felony offender. On October 18, 2012, the trial court sentenced defendant to imprisonment at hard labor for a term of three years and six months.[1] A multiple offender- hearing was then -held, after which the trial court adjudicated defendant a fourth felony offender under La. R.S. 15:529.1. . - ■ •
Oh’November 4, 2012, defendant filed a motion for reconsideration of sentence.[2] On November 21, 2012, defendant filed a pro se Motion to Quash the Multiple Bill despite having been previously adjudicated a fourth felony offender. On December 5, 2012, the trial court denied defendant’s pro se motion to quash and resentencéd defendant to life imprisonment without benefit of parole, | .^probation, or suspension of sentence. Thereafter, the trial court denied defendant’s motion for reconsideration of sentence.
Defendant appealed his conviction and enhanced sentence.[3] As previously noted, in his first appeal this Court affirmed de *68 fendant’s attempted simple robbery conviction but vacated his habitual offender sentence after finding the trial court failed to vacate defendant’s original sentence before imposing the enhanced sentence. Wise, 128 So.3d at 1224
On January 30, 2014, on remand from this Court, the trial court vacated defendant’s original sentence of three years and six months and resentenced defendant to a term of life imprisonment, without benefit of parole, probation, or suspension nf sentence, pursuant to La. R.S. 15:529.1,
On February 11 and 24, 2014, defendant filed two pro se motions for reconsideration of sentence based on the alleged ex-cessiveness of his enhanced sentence, which were subsequently denied by the trial court. On February 24, 2014, defendant filed a motion for appeal, which was granted by the trial court on March 12, 2014.[4] Defendant’s second appeal now follows. Defendant was given leave by this Court to file a supplemental pro se appeal brief by August 7, 2014. Defendant’s supplemental pro se brief was received by this Court on August 11, 2014, postmarked August 7, 2014.

COUNSELED ASSIGNMENTS OF ERROR

|fil. The trial court erred in denying the motion for reconsideration of sentence.
2.The sentence is unconstitutionally excessive.

PRO SE ASSIGNMENTS OF ERROR

1.' The State violated the rules of discovery, suppressed evidence favorable to the defense, in violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution.
a. The State suppressed evidence - that one of its key witnesses, Shar- . lene B. Jones, had used five (Alias) names prior to Wise case, impeachment evidence exculpatory material and favorable to the defense.
b. The State withheld from the defense the fact that key prosecution witness Nyishia Randall had war- ■ rants issued for her arrest at the time of trial.[5]
2. The Trial Court Erred refusing to rule on a Motion to Quash the Multiple Offender Bill of Information.
3. Insufficiency of the Multiple Offender Evidence.
4. La. R.S. 15:529.1 is unconstitutional- ■■ ly vague.
5. The trial court erred denying Mr. Wise Motion to Quash [sic] concerning the two charges (resisting an officer *69 La. R.S. 14:108 and Battery of a Police officer a violation of La. R.S. 14:34.2) And [sic] not informing him in writing of said denial. The trial court erred allowing other crimes evidence before the jury.

LAW AND DISCUSSION

■ Defendant argues in his counseled assignments of error[6] that his enhanced life sentence is constitutionally excessive and that his motion to reconsider sentence was erroneously denied in light of his individual circumstances, namely his alleged medical issues that were present at the time he committed the offense.
In response, the State argues that review of defendant’s sentence is limited to a review for constitutional excessiveness due to defendant’s failure to assert a 17specific ground for consideration in his motion to reconsider' sentence. The State further maintains that the mandatory life sentence imposed on defendant as a fourth felony offender- is- not constitutionally excessive given the nature of the crime, background of defendant, and the sentence imposed for similar crimes by other courts. Moreover, given defendant’s recidivism and propensity for committing violent crimes, as well as the sparse evidence of defendant’s alleged medical issues; the State contends that defendant- failed to meet his burden in rebutting the presumption that his mandatory sentence imposed pursuant to the habitual offender law is constitutional.
After defendant’s resentencing on remand, defendant filed two' pro se motions for reconsideration of sentence arguing that the mandatory life sentence imposed is excessive. Where the defendant’s motion to-reconsider sentence alleges mere excessiveness of sentence, the reviewing court is limited to only a review, of whether the sentence is constitutionally excessive. La. C.Cr.P. art. 881.3; State v. Mims, 619 So.2d 1059 (La.1993). Accordingly, due to defendant’s bare claim of excessiveness of sentence in his motions, defendant’s sentence is limited to a review, for constitutional excessiveness. :
The Eighth Amendment to the U.S. Constitution[7] and Article I, § 20 of the Louisiana Constitution[8] prohibit the imposition- of excessive punishment. State v. Nguyen, 06-969, p. 5 (La.App. 5 Cir. 4/24/07), 958 So.2d 61, 64, writ denied, 07-1161 (La.12/7/07), 969 So.2d 628. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. Nguyen, 06-969 at 5-6, 958 So.2d at 64. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice. State v. Taylor, 06-839, p. 3 (La.App. 5 Cir. 3/13/07), 956 So.2d 25, 27, writ denied, 06-0859 (La.6/15/07), 958 So.2d 1179 (citing State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Pearson, 07-332, 07-333, 07-539, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 655-56).
*70 According to La. C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice, while recognizing the trial court’s wide discretion. Nguyen, 06-969 at 6, 958 So.2d at 64. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Allen, 03-1205 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 880 (citation omitted). However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Tracy, 02-0227 (La.App. 5 Cir. 10/29/02), 831 So.2d 503, 516, writ denied, 02-2900 (La.4/4/03), 840 So.2d 1213 (citation omitted).
The Louisiana Supreme Court has recognized that a mandatory minimum sentence under the Habitual Offender Law may still be reviewed for constitutional excessiveness. Taylor, supra. When a trial court determines that the minimum sentence mandated by La. R.S-. 15:529.1 makes no “measurable contribution to acceptable goals of punishment,” or that .the sentence amounts to nothing more |9than “the purposeful imposition of. pain and suffering” and is “grossly out of proportion to the severity of the crime,” the trial judge must reduce the sentence to one that would not be constitutionally excessive. Taylor, 06-839 at 4, 956 So.2d at 27-28; State v. Douglas, 03-1266 (La.App. 5 Cir. 2/23/04), 868 So.2d 896, 900, writ denied, 04-0955 (La.10/1/04), 883 So.2d 1006 (citing State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Ventress, 01-1165 (La.App. 5 Cir. 4/30/02), 817 So.2d 377, 383).
However, it is presumed that the mandatory minimum sentence under the Habitual Offender Law is constitutional. Taylor, 06-839 at 4, 956 So.2d at 28 (citing State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676); Douglas, 868 So.2d at 900 (citing Johnson, 709 So.2d at 676; State v. Harbor, 01-1261 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 226, writ denied, 02-1489 (La.5/9/03), 843 So.2d 388). In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is “exceptional, which ... means, that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.” Id. at 28 (citing Johnson, 709 So.2d at 676 (quoting State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223)).
Downward departures from the minimum sentence mandated by La. R.S. 15:529.1 should only occur in rare situations. When evaluating whether the defendant has met his burden, the trial court must be mindful of the goals of the Habitual Offender Law, which are to deter and punish recidivism. Taylor, 06-839, 956 So.2d at 28. Compliance with sentencing guidelines pursuant to La. C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under |lflthe Habitual Offender Law. State v. Jenkins, 07-586, p. 6 (La.App. 5 Cir. 1/22/08), 977 So.2d 142, 148 (citing State v. Johnson, 01-0842, p. 18 (La.App. 5 Cir. 2/13/02), 812 So.2d 106, 118, writ denied, 02-1037 (La.3/21/03), 840 So.2d 532).
*71 Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982), aff'd on remand, 446 So.2d 1210 (La.1984). Yet, the trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a -sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); State v. Uloho, 04-55 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 933, writs, denied, 04-1640 (La.11/19/04), 888 So.2d 192 and 08-2870 (La.1/30/09), 999 So.2d 753 (citations omitted).
Here, defendant was convicted of attempted ' simple robbery. Simple robbery provides for a penalty of imprisonment with or without hard labor for not more than seven years and a fine of not more than three thousand dollars, or both. La. R.S. 14:65. The attempt statute provides that the fíne or imprisonment imposed shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. La. R.S. 14:27.[9] The trial court sentenced defendant to the maximum sentence of three years and 'six months imprisonment at hard labor.
After sentencing, defendant was adjudicated to be a fourth felony offender. As a fourth felony offender, defendant faced a mandatory life sentence. Specifically, defendant was found to be a fourth felony offender having pled guilty to attempted simple robbery - in 1982, found guilty of first degree robbery and In aggravated battery upon a police officer in 1992, and found guilty of attempted simple robbery in the instant m'atter in 2012. Because defendaiit’s underlying conviction and at lehst two of his'prior felonies are defined as crimes' of violence under La. R.S. 14:2, the Habitual Offender Law prescribes a mandatory sentence of life imprisonment without benefit of parole, probation, or suspension ' of senteiice.[10].' See La. R.S. 15:529.1(A)(4)(b).
Defendant acknowledges that his life sentence is mandatory, and admits that he is a recidivist. He argues that his sentence is constitutionally excessive., Despite being limited to a review for constitutional excessiveness, defendant further urges on appeal that his life sentence is unconstitutional as applied to him because of his “medical issues,” asserting that at the time, of the offense lie allegedly suffered a “blackout” and did not recall the events in question. Defendant relies on a “medical” -argument to rebut the presumption of constitutionality of his mandatory life sentence.
In State v. Windham, 99-637 (La.App. 5 Cir. 11/30/99), 748 So.2d 1220, 1225, writs denied; 99-1110 (La.6/4/99), 744 So.2d 627, *72 99-1033 (La.9/4/99), 747 So.2d 1116, this Court upheld the defendant’s mandatory life sentence as a fourth felony offender despite his health problems. In Wind-ham, the defendant argued that his mandatory minimum life sentence was unconstitutional because of his failing health. Id. 99-637, 748 So.2d at 1223. He claimed he had kidney disease, which required dialysis treatment, and that he suffered from hip 112inflammation, as well as the lack of use of one arm.. Id. In upholding the defendant’s mandatory life sentence, this Court noted that the defendant had been committing felonies for much of his adult life. Id. 99-637, 748 So.2d at 1224. This Court further stated:
The multiple offender law expresses clear legislative intent. Repeat offender’s are to recéive serious sentences. [Citation omitted.] ' It does not appear that Windham’s unfortunate medical condition has affected his propensity to commit crimes. Windham has not shown unusual circumstances necessary to successfully rebut the presumption of constitutionality of the mandatory sentence of life iriiprisonment.
Id. Additionally, this Court noted that the record reflected that the trial court was aware of the defendant’s health problems at the time of sentencing, yet obviously did not find that he had rebutted the presumption of constitutionality. Id.- 99-637, 748 So.2d at 1223.[11]
First, it appears defendant has not offered any evidence to support his assertion that he suffers from a real “medical issue,” much less presented clear and convincing evidence sufficient to rebut the presumption that the mandatory minimum sentence mandated by the legislature' is constitutional Similar to Windham, defendant in the instant matter has been committing felonies for much of his adult life, and it does not appear that defendant’s alleged “blackout” suffered at the time of the offense has affected his propensity to commit crimes.[12]
[ ^Moreover, the record reflects the trial judge who presided over defendant’s conviction and sentencing for his underlying offense is the same judge who presided over defendant’s adjudication and sentencing as a multiple offender. Accordingly, *73 the trial, judge was,.aware of defendant’s testimony at trial during which he testified that he “blacked out” immediately before he committed the offense, yet it appears he did not find that defendant had rebutted the presumption, of constitutionality.
The record further reflects defendant’s propensity to continually commit violent crimes as evidenced by the instant conviction and his underlying convictions for attempted simple robbery, first degree robbery, and aggravated battery upon a police officer, all of which have been defined as crimes of violence under La.- R.S. 14:2.[13] Defendant’s criminal history of violence is precisely what the Habitual Offender Law was designed to deter and punish. See Taylor, 06-839, 966 So.2d at 28.
Based on the foregoing, we find that defendant has not shown exceptional circumstances necessary to successfully rebut the presumption of constitutionality of the mandatory minimum life sentence. Additionally, considering that the record reflects that the nature of the instant offense was very serious and that defendant has an extensive criminal history consisting of violent crimes, we find that the trial judge did abuse his discretion in sentencing defendant to a mandatory life sentence as a fourth felony offender. Both counseled assignments of error lack merit.

PRO SE ASSIGNMENT OF ERROR NUMBER ONE

The State violated rules of ■ discovery, suppressed evidence favorable to the defense, in violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution.
|Ma. The State suppressed evidence that one of its key witnesses, Sharlene
B. Jones, had used five (Alias) names prior to Wise case, impeachment evidence exculpatory material and favor- ■ able to the defense.
b. ■ The State withheld from the defense the fact that key prosecution witness Nyishia Randall had warrants issued for her arrest at the- time of trial.

DISCUSSION

In defendant’s first pro se assignment of error, he contends that the State failed to comply with certain statutory discovery rules as'required under Brady v. Maryland.[14] Specifically, defendant argües that the State failed to disclose that one of its key witnesses, Sharlene B. Jones, had previously used five aliases in an “effort to beat the system.” Defendant further argues, as he did in his original appeal, that the State withheld information that witness Nyishia Randall'had a warrant issued for her arrest at the time of trial. Defendant maintains that he could have used -the information concerning these witnesses to attack their credibility during cross-examination.
Firstly, since this Court previously affirmed defendant’s conviction, defendant may appeal only his resentencing. See State v. Anderson, 12-869 (La.App. 6 Cir. 6/27/13), 121 So.3d 119, 124, writ denied, 13-1861 (La.2/21/14), 133 So.3d 679 (finding the trial errors alleged by the defendant in his second appeal could have) and should have, been raised in the defendant’s original appeal; thus, this Court found the issues waived and not within this Court’s jurisdiction on appeal); State v. Martinez, 09-1067 (La.App. 5 Cir. 5/25/10), 40 So.3d 1113 (finding, issue regarding sufficiency *74 of the evidence raised by the defendant in his second appeal would not be addressed by this Court-on the defendant’s second appeal which only involved multiple bill proceedings); State v. Anderson, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14 (where the Fourth Circuit affirmed the | ^defendant’s convictions on original appeal, vacated the sentences and remanded the matter for resentencing because the defendant had been sentenced prior to the hearing on his post-trial motions. On his second appeal, the defendant raised several claims of trial error. The Fourth Circuit found that the defendant could appeal only his resentencing and that the alleged trial errors should have been raised in the first appeal and were thus considered waived). Accordingly, here, we find that defendant’s conviction has already been affirmed and that the only issues before this Court on defendant’s second appeal relate to his resentencing.
Secondly, it is noted that defendant raises one of the same issues that he raised in his original appeal. Specifically, defendant alleges, for the second time, that the State failed to comply with certain discovery rules as required under Brady when it failed to divulge that State’s witness Nyis-hia Randall had a warrant issued for her arrest at the time of trial. This issue was fully addressed and determined meritless in defendant’s first appeal on the grounds that defendant did not raise this issue at the trial court level, and therefore had failed to preserve this issue for review. See Wise, 128 So.3d at 1228. This Court further found that even assuming arguen-do that defendant had properly preserved this issue for review, this Court concluded it was without merit. Specifically, this Court reasoned that there was no evidence in the record that such an arrest warrant for Ms. Randall existed. Additionally, even if true, this Court determined that the evidence of Ms. Randall’s warrant for an alleged traffic violation did not appear to be exculpatory or possess impeachment value. As such, this Court held that “the evidence at issue was not ‘material’ under Brady in that the confidence in the outcome would not be undermined in its absence, nor the outcome of the trial any different had the evidence been timely disclosed to the defense.” See Wise, 128 So.3d at 1229.
11 (¡Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. State v. Jacobs, 04-1219, p. 7 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 88, writ denied, 05-2072 (La.4/28/06), 927 So.2d 282, cert. denied, 549 U.S. 956, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006). We find defendant has failed to present any new arguments, jurisprudence, or evidence to warrant reconsideration of the same issue or to suggest that this Court’s prior determination was patently erroneous or produced unjust results. We further decline to reconsider its prior ruling regarding the discovery issue concerning Ms. Randall’s alleged outstanding warrant. (See State v. Anderson, 12-869, 121 So.3d at 124-25, where this Court declined to reconsider its prior ruling regarding the issue’in the defendant’s second appeal which was previously addressed in his first appeal because the defendant failed to present any new arguments, jurisprudence, or evidence to warrant reconsideration).
Finally, it is noted that defendant raises an additional discovery violation concerning the aliases used by Ms. Jones that he did not previously set forth in his original appeal. The entirety of defendant’s alleged discovery violations, however, could have been raised in his first appeal. Accordingly, we find that the issues not *75 raised in defendant’s original appeal, which could have been' raised, are' considered waived arid are: not within this Court’s jurisdiction on- appeal. See Anderson, supra; State v. Freeman, 565 So.2d 1084 (La.App. 4 Cir.1990). ■
This assigninent of error lacks merit.

pro se "Assignment of error NUMBER TWO

The Trial Court Erred refusing to rule on a Motion to Quash the Multiple Offender Bill of Information. •

PRO SE ASSIGNMENT OF ERROR NUMBER THREE

| ^Insufficiency of the Multiple Offender Evidence.
DISCUSSION[15].
In his second pro se assignment of error, defendant argues the trial court erred in refusing to rule on his motions to quash filed on April 11, . 2012[16] and January 30, 2014. He further claims that the record reflects that his 1982 predicate conviction falls, outside the applicable five-year cleansing period and should not have been used for purposes of sentencing enhancement. Specifically, defendant asserts that he was convicted of attempted simple robbery and sentenced to serve two years at hard labor on July 20, 1982. Thus, because his two-year sentence was completed on July 20, 1984, and his next conviction was not until May 6, 1992, he maintains that the five-year cleansing period had expired and the State could not use his 1982 conviction to enhance the instant conviction. .He further argues that he was unable to raise the five-year cleansing period issue before the trial court because the trial judge failed to rule on his motion to quash.
In his third pro se assignment of error, defendant alleges that the cleansing period for his 1982 predicate conviction cannot be accurately calculated because of the lack of evidence submitted by the State at the habitual offender hearing. He argues that the documents presented by the State at the habitual offender hearing failed to prove the dates he was discharged from custody. Defendant concludes that without proof of the actual date of 'discharge from state supervision, the evidence is insufficient to support his adjudication as a fourth felony offender.
Again, this Court previously affirmed defendant’s conviction; thus, defendant may appeal only his resentencing. In these assignments, defendant raises issues that were either previously addressed on original appeal or could have 11sbeen raised in his first appeal but were not. Thus, we find that any issues not raised in defendant’s original appeal, which could have been raised, are considered waived and are not within this Court’s jurisdiction on appeal. See Anderson, supra; and State v. Freeman, 565 So.2d 1084 (La.App. 4 Cir.1990).
Nevertheless, until it was amended in 1994, La. R.S. 15:529.1, the habitual offender statute, provided for a cleansing period of five years. In 1994, the clearis-ing period was increased to seven years, and in 1995, to ten years. This Court has found that the applicable cleansing period is the one in effect at the time ■ of the commission of the subsequent felony. State v. Harbor, 01-1261 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 229, writ denied, 02-1489 (La.5/9/03), 843 So.2d 388. Because defendant committed the subsequent *76 felony in 2011, the applicable cleansing period in this case is ten years, not five years as defendant argues.
Moreover, on original appeal, defendant raised the same issue regarding the trial court’s faitee to rule on his first motion to quash filed on November 21, 2012,[17] as he does in the current appeal. In finding defendant’s argument lacked merit, this Court stated as follows:
A defendant has the right to challenge the constitutional sufficiency of previous convictions through a written response to the State’s filing of a habitual offender bill of information. See La. R.S. 15:529.1(D)(1). A defendant must make such a response in order to preserve challenges to previous convictions for appellate review. Id.; State v. Harris, 44,402 (La.App. 2 Cir. 6/24/09), 20 So.3d 1121, writ denied, 09-2303 (La.4/23/10), 34 So.3d 271. In addition, if a defendant does not concede the validity of previous convictions, he is' entitled to a formal hearing. La. R.S. 15:529.1(D)(1)(b). A defendant’s response to the State’s filing of a habitual offender bill of information is often styled as a “motion to quash.” See, e.g., State v. Zachary, 08-634 (La.11/21/08), 995 So.2d 631. Pursuant to La. R.S. 15:529.1(D)(l)(a), a defendant is required to file particular objections to the bill within 15 days after the defendant denies the allegation of the information, refuses to answer, or remains silent.
|1BBased on the foregoing, this Court determined that “defendant did not file his pro se motion to quash until a rponth after the habitual offender hearing and his adjudication as a fourth felony offender, and therefore the trial court did not err in denying defendant’s motion to quash as untimely.” Wise, 128 So.3d at 1226. We find defendant, has failed to present any new arguments, jurisprudence,, or evidence to warrant reconsideration of the same issue or to suggest that this Court’s prior determination was patently erroneous or produced unjust results. Therefore, we decline to reconsider the prior ruling regarding the denial of his first motion to quash in defendant’s second appeal.
Additionally, with respect, to defendant’s second motion to quash filed on January 30, 2014, we find that the same holding applies. On January 30, 2014, on remand from this Court, the trial court vacated defendant’s original sentence of three years and six months and resentenced defendant to a term of life imprisonment, without benefit of parole, probation, or suspension of sentence, pursuant to La. R.S. 15:529.1. On the same date, but after his resentencing, defendant filed a pro se “Motion to Quash Multiple Bill of Information pursuant to La. C.Cr.P. Article 532(8) and 535(5).” It does not appear that defendant’s pro se motion to quash was ruled upon. However, like his November 21, 2012 motion to quash, defendant filed his motion over one year after the habitual offender hearing and his adjudication as a fourth felony offender, therefore rendering his motion to quash untimely. (See Harris, supra, where the Second Circuit found the defendant’s motion to quash was properly denied as untimely when the defendant did not file his response to the habitual offender bill of information within fifteen days after entering a plea of not guilty).
Lastly, defendant’s contention that the State failed to present adequate documentation to prove that the applicable cleans *77 ing period had not elapsed 12nbetween his 1982 predicate conviction used to charge him as a fourth felony offender and the commission of the instant offense, lacks merit.. This issue was fully addressed and determined meritless in, defendants first appeal. Specifically, with respect to this issue, this Court found as follows:
The certified records in this case show that on July 20, 1982, in case number 288-157, Criminal District Court for the Parish of Orleans, defendant pled guilty to attempted simple robbery and was sentenced on the same day to serve two years in Parish Prison, suspended, and two years of active probation. -On August 5, 1991, the Jefferson Parish District Attorney filed a bill of information charging defendant with first degree robbery alleged to have occurred on January 22,1991. Defendant was found guilty of first degree robbery on May 6, 1992, in case number 91-3676, 24th Judicial District Court, and sentenced on June 26, 1992, to 30 years at hard labor without benefit of probation, parole, or suspension of 'sentence. The certified records further show that on May 18, . 1992, in case number 358-790, Criminal District Court for the Parish of Orleans, defendant was charged with aggravated battery upon a police officer, and was found guilty on November 18,1992. Defendant was sentenced on November 25, 1992, to serve ten years in the Department of Corrections. On December 22, 2011, defendant committed the instant offense.
More than 10 years had elapsed between defendant’s predicate conviction in case number 358-790 on November 18, 1992, and the commission of the instant offense on December 22, 2011. Thus, the State was required to prove that the underlying offense was committed within ten years of defendant’s release from state custody for the predicate conviction in case number 358-790 of ..the Criminal District Court for the . Parish of Orleans,-
At the habitual offender hearing, the State produced certified copies of the bill of information in case number 358-790 and a minute entry detailing the date of defendant’s conviction. The minute-entry further details that defendant whs sentenced to 10 years imprisonment in the custo'dy of the Department of Corrections on November 25, 1992. The State also introduced a certified copy of a letter styled “Diminution of Sentence,” from the Department of Public Safety and Corrections, indicating that defendant was eligible to be released by diminution of sentence in case number 358-790, and that defendant “shall be released in the same manner as if on parole on June 21, 2006.” (Emphasis added). A certificate of release/completion of sentence was also included in the certified documentation, •which shows Juné 21, 2006, as the date defendant was released from incarceration. Thus, the underlying offense in this case, committed on December 22, 2011, is clearly- within the-, 10-year “cleansing period” .prescribed by La. R.S. 15:529.1(C).
| ⅞1 Accordingly, based on the uncohtro-verted evidence admitted at the habitual offender proceeding, we find that the State présented sufficient evidence to meet its burden of proving that the predicate convictions fell within the ten-year “cleansing period” prescribed by La. R.S. 15:529.1(C), and therefore the trial court did not err in finding defendant to be a fourth felony offender.
Wise, 128 So.3d at 1227-28.
As previously noted, reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it - is *78 apparent that the determination was patently erroneous and produced unjust results. See State v. Jacobs, supra. Accordingly, we find defendant has failed to present any new arguments, jurisprudence, or evidence to warrant reconsideration of the same issue or to suggest that this Court’s prior determination was patently erroneous or produced unjust results. We further decline to reconsider our prior ruling ■ regarding this -issue in defendant’s second appeal, finding only those issues that relate to defendant’s re-sentencing are properly before this Court.
These assignments of error lack merit.

PRO SÉ ASSIGNMENT OF ERROR NUMBER FOUR

La. R.S. 15:529.1 is unconstitutionally vague.

DISCUSSION

In his fourth pro se assignment of error, defendant argues that La. R.S. 15:529.1 is ambiguous, rendering it “void for vagueness” and that it should therefore be held unconstitutional.[18]
A statute is presumed constitutional and the burden of proving a claim of uneonstitutionality rests upon the party attacking the statute. State v. Interiano, 03-1760, p. 4 (La.2/13/04), 868 So.2d 9, 13. The constitutionality of a statute cannot be raised for the first time on appeal; it must first be presented in the trial court. Williams v. State, Dept. of Health and Hospitals, 95-0713, p. 4 (La.1/26/96), 671 So.2d 899, 901; State v. Mickel, 07-47, p. 15 (La.App. 5 Cir. 5/29/07), 961 So.2d 516, 526, writ denied, 07-1422 (La.1/7/08), 973 So.2d 732. A party contesting the constitutionality of a statute has a three-tiered burden: 1) the presentation must be made in the trial court; 2) the claim of unconstitutionality must be specially pleaded; and 3) the grounds for the claim must be particularized. Williams, 671 So.2d at 902; Mickel, supra. In this case, defendant did not raise the constitutionality issue in the trial court. Accordingly, we find that the question'of constitutionality is not properly before this Court. See State v. Oliver, 03-416, p. 8 (La.App. 5 Cir. 12/29/09), 30 So.3d 946, 951, writ denied, 10-0271 (La.9/17/10), 45 So.3d 1041; State v. Mickel, 07-47 at 16, 961 So.2d at 526-27.
This assignment of error lacks merit.

PRO SE ASSIGNMENT OF ERROR NUMBER FIVE

The trial court erred denying Mr. Wise [sic] Motion to Quash concerning the two charges (resisting an officer La. R.S. 14:108 and Battery of a Police officer a violation óf La. R.S. 14:34.2) And' [sic] not informing him in writing of said denial. The trial court erred allowing other crimes evidence before the jury.

DISCUSSION

In his fifth pro se assignment of error, defendant argues that the trial court erred in' denying his motion to quash filed on April 16, 20Í2, and in failing to notify him of the denial of his motion in writing. He contends that his motion should have been granted and the misdemeanor “other crimes evidence” excluded because the time limitation for accepting the charges by the prosecution had expired.
First, it appears defendant’s claim is barred from review. As earlier discussed, since this Court previously affirmed defendant’s conviction, defendant may appeal only his resentencing. See Anderson, 12-869, 121 So.3d at 124; Martinez, supra; Anderson, 97-2587, 728 So.2d 14. Here, *79 we find that defendant’s convictions have already been affirmed and that the only issues before this Court on ■ defendant’s second appeal relate to his resentencing. The entirety of defendant’s alleged trial court errors could have been raised in his first appeal. Accordingly, we find that any issues not raised in defendant’s original appeal, which could have been raised, are considered waived and not within this Court’s jurisdiction on appeal.
Second, the original appeal record does not contain evidence of defendant’s alleged motion to quash filed on April 16, 2012, wherein he argued for dismissal of the charges because the time limitation for acceptance of the charges had expired. Because the record does not confirm such a motion, we find , that defendant’s contention that the trial court erred in. denying his motion to quash is unfounded.[19]
This assignment of error lacks merit.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
When defendant received an errors patent review upon his original appeal, a sentencing error was found and addressed by this Court, after which this Court remanded this case to the trial court for habitual offender resentencing. While defendant is not" entitled to a second errors patent review of his underlying conviction and sentence, the record on appeal regarding defendant’s habitual ^offender resentencing was reviewed, and one error requiring corrective action was noted. Wise, 128 So.3d at 1224; See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426; State v. Alberto, 95-540, p. 23 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, 625, writs denied, 95-1677 (La.3/22/96), 669 So.2d 1222, 96-0041 (La.3/29/96), 670 So.2d 1237.
The State of Louisiana Uniform Commitment Order reflects the adjudication date as January 30, 2014; the record indicates, however, that defendant was actually convicted on August 15, 2012.[20] This Court has previously remanded a case for correction of the Uniform Commitment Order in its errors patent review. See State v. Lyons, 13—564, p. 9 (La.App. 5 Cir. 1/31/14), 134 So.3d 36 (citing State v. Long, 12-184, pp. 10-11 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142). Accordingly, we remand this matter and order that the Uniform Commitment Order be corrected to reflect the correct date of conviction, August 15, 2012. We further direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and *80 the Department of Corrections’ Legal Department. See Long, 12-184 at 10-11, 106 So.3d at 1142 (citing La. C.Cr.P. art. 892(B)(2)).

DECREE

For the foregoing reasons, defendant’s resentencing after remand is affirmed. The matter is further remanded for correction of the commitment.

RESENTENCE AFFIRMED; REMANDED FOR CORRECTION OF COMMITMENT

.Defendant was also charged in district court case number 12-633 with battery of a police officer'and resisting arrest. As to these misdemeanor crimes, the trial court fofind defendant guilty as charged and sentenced defendant to six months in parish prison on each count. The trial court further ordered the misdemeanor sentences to run concurrently with each other and. concurrently with the .sentence imposed in the instant matter.

. Defendant’s September 13, 2012 motion to reconsider sentence was filed before sentencing. See State v. Hunter, 10-552, p. 6 (La.App. 5 Cir. 1/11/11), 59 So.3d 1270, 1273. A third motion for reconsideration of sentence ■ was also filed on December 3, 2012.

. Defendant’s motion .for appeal was filed on December 3, 2012, and was granted by the trial court,on December 5, 2012. Defendant’s motion for appeal was; premature, having been filed after sentencing on the underlying *68 charge but before consideration of the multiple bill of information. This procedural defect was addressed, however, by the trial court’s imposition of sentence on the multiple bill. See State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351, 354.

. After filing his motion for appeal, on March 3, 2014, defendant filed a motion for new trial. On March 13, 2014, the trial court denied defendant’s motion on the basis that it ■ was divested of jurisdiction to rulé on a motion for new trial upon the entering of the order of appeal. On April 8, 2014, this Court denied defendant's writ of mandamus requesting that this Court order the trial court to rule on his motion for new trial. State v. Wise, 14-230 (La.App. 5 Cir. 4/8/14) (unpublished writ disposition). In denying defendant mandamus relief, this Court determined that the trial court lacked jurisdiction to con- , sider defendant’s motion for new trial upon the entering of the order of appeal and absent a remand by the appellate court for a hearing on the motjon.

. This subheading was created to effectively organize defendant’s arguments regarding alleged discovery rule violations by the State. ThS remainder of the assigned errors have been transcribed verbatim from defendant’s pro se brief.

. Due to the overlapping nature of the counseled assignments regarding sentencing, they will be addressed together.

. The Eighth Amendment-provides: “Excessive bail shall not be required, nor cruel and unusual punishments inflicted.” The Amendment was made applicable to" the states by the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

.Article I, Section 20 of the Louisiana Constitution provides in part: “No law shall subject any person tó euthanasia, to torture, or to cruel, excessive, or'unusual punishment:...”

. Recent legislative, amendments to the attempt statute do riot apply to the present matter.

. La. R.S. 15:529.1(A)(4)(b) provides:
(4) If the fourth or subsequent- felony = is such that, upon a first • conviction the offender would be punishable by imprisonment for any term less than his natural life then:
[[Image here]]
(b) If the fourth felony and two of the prior felonies are felonies defined as a crime of . violence under R.S, 14:2(B), a sex offense as defined in R.S. 15:540 -et seq. when Ae victim is under Ae áge of eighteen at Ae time of commission of the offense, or as a violation of Ae Uniform Controlled Danger-ous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, Or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. (Emphasis added).

. See also State v. Poupart, 11-710 (La.App. 5 Cir. 2/28/12), 88 So.3d 1132, writ denied, 12-0705 (La. 10/8/12), 98 So.3d 867, where the defendant who was convicted of public intimidation and adjudicated a fourth felony offender failed to show exceptional circumstances necessary to rebut the presumption as to the constitutionality of the sentence when challenging as excessive his statutory minimum sentence of twenty years imprisonment. This Court reasoned that while the defendant testified at the multiple bill hearing that he had been diagnosed with colon cancer and needed two additional surgeries to save his life, it did not appear that his medical condition had affected his propensity to commit felonies for much of his adult life. This Court further noted that the trial court focused on the defendant’s past criminal history when sentencing him.
Compare State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, writ denied, 98-3054 (La.4/1/99), 741 So.2d 1282. In Bums, the Fourth Circuit vacated the defendant’s life sentence as a fourth felony offender because the court was unable to conclude that the' life sentence was not constitutionally excessive as applied to that particular defendant. The defendant in Bums was convicted of the underlying offense of distributing a single rock of crack cocaine. He had two prior convictions for possession' of cocaine and one conviction for possession of stolen property. At trial, Bums testified that he was addicted to .cocaine. The Fourth Circuit found that, based on the evidence in the record, Bums was driven by his cocaine addiction to sell drugs to support his habit.

. The record reflects that defendant has been committing crimes since the age of twenty-two. At the time of the instant offense, defendant was fifty-one years old.

. In addition to these prior convictions, defendant also testified at trial that he has prior convictions for unauthorized use of a movable, issuing worthless checks, and theft. .

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Due to the overlapping nature of these assignments, they will be addressed in a single discussion.

. Notably, defendant’s first motion to quash was filed on November 21, 2012, and not April 11,- 2012, as asserted by defendant.

. Note: defendant references April 11, 2012, as the date of the filing of his first motion to quash.

. Since defendant challenges the constitutionality of a state statute, this Court sent notice by certified mail to the Louisiana Attorney General's Office on August 13, 2014, in accordance with La. R.S. 13:4448,

. It is also unclear as to what "misdemeanor other crimes evidence” defendant argues should have been excluded. The original appeal record does not contain any evidence of "other crimes.” Although, it is noted that defendant was also charged in case number 12-633 with battery of a police officer and resisting arrest resulting from ;the> criminal episode related to the instant offense. As to these misdemeanor crimes, the trial court found defendant guilty' as charged and'S'em tenced defendant to six months in parish prison on each count. The trial court further ordered the misdemeanor'sentences to run concurrently with each other and concurrently with the sentence imposed in the instant matter. Additionally, defendant testified at trial that he has prior convictions for unauthorized use of a movable, issuing worthless checks, aggravated battery, theft, attempted simple robbeiy, and first degree robbery.

. It is further noted that defendant was adjudicated a fourth felony offender on October 18,2012.